### GRIGGS v. STATE. (5 Div. 484.)

(Court of Appeals of Alabama. Dec. 18, 1923.)

**Criminal law** ☞147—**Evidence of offense before time covered by indictment inadmissible.**

Vagrancy being a misdemeanor, prosecution of which is barred by the one-year statute of limitations, evidence tending to prove vagrancy of defendant before that time is inadmissible to show guilt within the period covered by the indictment.

Appeal from Circuit Court, Russell County; J. S. Williams, Judge.

Columbus Griggs was convicted of vagrancy, and appeals. Reversed and remanded.

Frank M. De Graffenried, of Seale, for appellant.

Every act of vagrancy must be shown to have occurred within twelve months preced-

ing the indictment. Code 1907, §§ 7347, 7843, 7844.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The sufficiency of the evidence to sustain a conviction should have been raised by request for the affirmative charge or motion for a new trial. Warren v. State, 18 Ala. App. 245, 90 South. 277.

SAMFORD, J. On the trial the court, over the objection and exception of defendant, admitted evidence of facts tending to show vagrancy of defendant prior to the time covered by the indictment. This was error. The crime of vagrancy denounced by the statute, being a misdemeanor, is barred by the limitation of one year, and acts tending to prove that defendant might have been convicted of vagrancy before that time are not admissible to prove that he was guilty within the period covered by the indictment. For the errors of the court in admitting this character of evidence, the judgment is reversed, and the cause is remanded.

Reversed and remanded.